**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORETTA H. CHEEKS,<br><br>            Plaintiff-Appellant,<br><br>v.<br><br>GENERAL DYNAMICS C4 SYSTEMS<br>INC.,<br><br>            Defendant-Appellee,<br><br> and<br><br>GENERAL DYNAMICS<br>CORPORATION,<br><br>            Defendant. | No.    15-15658<br><br>D.C. No. 2:12-cv-01543-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted March 15, 2017
San Francisco, California

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: McKEOWN and BYBEE, Circuit Judges, and MOLLWAY,[**] District Judge.

Loretta Cheeks appeals from the district court's judgment issued against her on her claim under the Family and Medical Leave Act (FMLA) and General Dynamics C4 Systems, Inc.'s counterclaim for breach of contract. We affirm.

**1.** Cheeks argues that the district court erred by refusing to instruct the jury that an employer, before terminating an employee on FMLA leave for subpar performance, is required to adjust its performance expectations in accordance with the employee's FMLA leave. "We review jury instructions as a whole to determine whether they are misleading or inadequate to guide the jury's deliberation," *United States v. Vallejo*, 237 F.3d 1008, 1024 (9th Cir. 2001), "and the refusal to give a requested instruction will not be overturned 'if the charge as a whole adequately covers the theory of the [plaintiff],'" *United States v. Bradshaw*, 690 F.2d 704, 710 (9th Cir. 1982) (quoting *United States v. Kaplan*, 554 F.2d 958, 968 (9th Cir. 1977)). The district court did not err in rejecting Cheeks's proposed instructions because the instructions that it gave adequately covered Cheeks's theory of the case. Indeed, nothing prevented Cheeks from arguing to the jury that General Dynamics interfered with her FMLA rights by firing her for failing to

---

[**] The Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

meet the performance standards of a full-time employee who did not take FMLA leave. *See Liu v. Amway Corp.*, 347 F.3d 1125, 1135 (9th Cir. 2003) (stating that an employer interferes with an employee's FMLA rights when it "use[s] [the employee's] FMLA leave as a factor in the decision to terminate her").

2.     Cheeks next challenges the district court's exclusion of a document General Dynamics prepared after Cheeks's termination on the ground that the document lacked foundation and was irrelevant to Cheeks's claims. We review the district court's evidentiary rulings for an abuse of discretion, *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016), and deem any error "harmless if it is 'more probable than not that the erroneous [exclusion] of the evidence did not affect the jury's verdict,'" *United States v. Ramirez-Robles*, 386 F.3d 1234, 1244 (9th Cir. 2004) (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1016–17 (9th Cir. 1995)). Even assuming that the district court improperly excluded Cheeks's proffered evidence, the error was harmless because multiple witnesses testified to the same facts as those set forth in the excluded document.

3.     Finally, Cheeks contends that the district court erred in granting summary judgment in favor of General Dynamics on its counterclaim because, in Cheeks's view, there was no evidence of any damages resulting from her breach of the confidentiality agreement. *See Watson Const. Co. v. Amfac Mortg. Corp.*, 124

Ariz. 570, 581 (Ct. App. 1979) (listing actual damages as one element of a breach of contract claim). In the confidentiality agreement, however, Cheeks agreed to "reimburse and indemnify [General Dynamics] for the actual costs incurred by [General Dynamics] in enforcing [the agreement], including but not limited to attorneys' fees" because any "failure to comply with [the agreement would] irreparably harm the business of [General Dynamics]." The attorney's fees General Dynamics expended on enforcing the confidentiality agreement therefore constitute actual damages that General Dynamics was entitled to recover. And the district court did not err by calculating the damages itself because there was no genuine dispute of material fact as to the amount of attorney's fees due. *See* Fed. R. Civ. P. 56(a).

**AFFIRMED.**